UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

---------------------------------------------------------- X
:
PORFIRIO LOPEZ, PEDRO CANDELARIO :
TORRES, MARINO CUANUTENCOS, : Index No. 1:16-cv-06973 (SLT) (PK)
MIRYM UDY, RUPERTO EMIGDIO, JOSE :
ANGEL LOPEZ, ESTABAN TOSHUA, and :
FELIPE CRUZ, Individually and on Behalf :
of All Others Similarly Situated, :
:
           Plaintiff, :
:
  -against- :
:
PARALIA CORPORATION d/b/a Del Rio :
Diner, BENSONHURST REST. CORP. d/b/a :
Vegas Diner, THEODOROS VLAMIS, :
LARRY GEORGETON, DEMETRIOS :
"JAMES" VLAMIS, and FRANK :
MAVROMICHALIS, Joint and Severally, :
:
           Defendants. :
:
---------------------------------------------------------- X

**DEFENDANTS' SUPPLEMENTAL MEMORANDUM OF LAW IN OPPOSITION TO PLAINTIFFS' MOTION TO CONDITIONALLY CERTIFY A FAIR LABOR STANDARDS ACT COLLECTIVE ACTION AND AUTHORIZE NOTICE TO BE ISSUED TO ALL PERSONS SIMILARLY SITUATED**

Dated:    New York, New York
            June 26, 2017

*Of Counsel:*
Lorie Almon
Howard M. Wexler

SEYFARTH SHAW LLP
620 Eighth Avenue
New York, New York 10018
(212) 218-5500

*Attorneys for Defendants*

**TABLE OF CONTENTS**

Page

PRELIMINARY STATEMENT ................................................................................................ 1

ARGUMENT .................................................................................................................................. 1

    I.      The Vincente Declaration Does Not Cure Plaintiffs' Deficient Conditional Certification Motion ................................................................................................. 1

    II.     If This Court Were To Certify An FLSA Collective, It Should Not Approve The Class Notice And Consent Form ........................................................ 4

CONCLUSION ............................................................................................................................ 6

## **TABLE OF AUTHORITIES**

**Page(s)**

**Cases**

*Augustyniak v. Lowe's Home Ctr., LLC*,
   No. 14-CV-00488, 2016 WL 462346 (W.D.N.Y. Feb. 8, 2016) ................................................4

*Fengler v. Crouse Health Found., Inc.*,
   595 F. Supp. 2d 189 (N.D.N.Y. 2009) ....................................................................................4

*Guillen v. Marshalls of MA, Inc.*,
   750 F. Supp. 2d 469 (S.D.N.Y. 2010) ..................................................................................1, 4

*Guzelgurgenli v. Prime Time Specials Inc.*,
   883 F. Supp. 2d 340 (E.D.N.Y. 2012) .....................................................................................5

*Hoffmann-La Roche, Inc. v. Sperling*,
   493 U.S. 165 (1989) .................................................................................................................1

*Khan v. Airport Mgmt. Servs.*,
   No. 10-CIV-7735, 2011 WL 5597371 (S.D.N.Y. Nov. 16, 2011) ...........................................2

*Mark v. Gawker Media LLC*,
   No. 13 Civ. 4347, 2014 U.S. Dist. LEXIS 114011 (S.D.N.Y. Aug. 15, 2014) ........................6

*Mohamed v. Sophie's Cuban Cuisine Inc.*,
   No. 14-CV-3099, 2015 WL 5563206 (S.D.N.Y. Sept. 21, 2015) .............................................4

*Myers v. Hertz Corp.*,
   624 F.3d 537 (2d Cir. 2010) .....................................................................................................1

*Palacios v. Boehringer Ingelheim Pharm., Inc.*,
   No. 10-CV-22398, 2011 WL 6794438 (S.D. Fla. Apr. 19, 2011) ............................................2

*Rudd v. T.L. Cannon Corp.*,
   No. 10-CV-591, 2011 WL 831446 (N.D.N.Y. Jan. 4, 2011) ....................................................2

*Vasquez v. Vitamin Shoppe Indus. Inc.*,
   No. 10-Civ-8820, 2011 WL 2693712 (S.D.N.Y. July 11, 2011) ..............................................2

*Whitehorn v. Wolfgang's Steakhouse, Inc.*,
   767 F. Supp. 2d 445 (S.D.N.Y. 2011) ......................................................................................5

**Statutes**

Fair Labor Standards Act § 216(b) ................................................................................................6

**PRELIMINARY STATEMENT**

Conditional certification should not be granted to Plaintiffs because they fail to supply adequate evidence to establish the requisite factual nexus to unify the purported class.  As previously stated, Plaintiffs did not supply sufficient evidence to demonstrate that the purported class members were similarly-situated victims of a common illegal policy.  This was particularly true of the employees who worked at the Vegas Diner, given that **none** of the opt-in Plaintiffs worked overtime at that separately incorporated entity.  Plaintiffs attempt to salvage their motion by proffering another form declaration from opt-in Plaintiff Diego Leon Vicente ("Vicente Declaration"), a former employee of the Del Rio Diner, does nothing to cure this deficiency.  Even with the opportunity to provide a sur-reply, Plaintiffs have offered nothing more than cookie-cutter claims of unpaid overtime from employees who worked in some -- but not all -- of the job titles at issue in one -- but not both -- of the corporate entities that they seek to cover with their request for conditional certification and issuance of notice.  Accordingly, Plaintiffs' motion for conditional certification and issuance of notice should be denied.

**ARGUMENT**

**I.       The Vincente Declaration Does Not Cure Plaintiffs' Deficient Conditional Certification Motion**

While conditional certification often occurs, not every FLSA case can or should  properly proceed as a collective action.  Instead, district courts "have discretion, in appropriate cases," to implement an opt-in process by facilitating notice to potential plaintiffs.  *Hoffmann-La Roche, Inc. v. Sperling*, 493 U.S. 165, 169 (1989) (emphasis added); *accord Myers v. Hertz Corp.*, 624 F.3d 537, 554-55 (2d Cir. 2010).  Contrary to the "rubber stamp" Plaintiffs seemingly ask the Court to apply, certification of a collective action and authorization of notice are "not automatic" but instead require a factual showing "based on some substance."  *Guillen v. Marshalls of MA*,

*Inc.*, 750 F. Supp. 2d 469, 480 (S.D.N.Y. 2010) ("*Guillen I*") (finding that the plaintiff's burden may "require only a 'modest factual showing,' … but the burden is not non-existent and the factual showing, even if modest, must still be based on some substance"); *Vasquez v. Vitamin Shoppe Indus. Inc.*, No. 10-Civ-8820, 2011 WL 2693712, at *3 (S.D.N.Y. July 11, 2011) (certification "is not automatic"); *see also Khan v. Airport Mgmt. Servs.*, No. 10-CIV-7735, 2011 WL 5597371, at *5 (S.D.N.Y. Nov. 16, 2011) ("While plaintiff's burden at this stage is modest, it is not non-existent. … In fact, courts in this Circuit have routinely declined to authorize collective action notice when faced with similarly lacking evidence."). Accordingly, even at the first stage, "a court must nonetheless take a measured approach, … mindful of the potential burdens associated with defending against an FLSA claim involving a large and broadly defined collective group of plaintiffs." *Rudd v. T.L. Cannon Corp.*, No. 10-CV-591, 2011 WL 831446, at *6 (N.D.N.Y. Jan. 4, 2011). This is particularly true where, as here, defendants are small businesses and individuals without expansive legal budgets.

Analyzed pursuant to this framework, Plaintiffs have not supplied the requisite evidence to support conditional certification. As an initial matter, the Vincente Declaration adds no substantive support to the motion. Rather, it is nearly identical to the other declarations previously proffered. A cookie-cutter approach to declarations is disfavored, and suggests strongly that the written statements are based on a lawyer's speculative theories about what may have happened and not on the declarants' personal experiences. *See, e.g.*, *Palacios v. Boehringer Ingelheim Pharm., Inc.*, No. 10-CV-22398, 2011 WL 6794438, at *5 (S.D. Fla. Apr. 19, 2011) ("Plaintiff attaches three almost identical, cut-and-paste declarations .... The Court strongly disapproves of the use of boilerplate attorney-drafted declarations").

2

Furthermore, the deficiency that Plaintiffs attempt to cure by offering the Vincente Declaration is that Plaintiffs had previously offered no evidence from an employee who purportedly worked unpaid overtime at the Vegas Diner. As Defendants previously noted, the only declaration from a Vegas Diner employee came from a single former employee, Mirym Udy ("Urdy"), who worked at the Vegas Diner for four months on a schedule of two days per week, for no more than 20 hours per week, sometime "during 2014 to 2015." Udy Decl. ¶¶ 2 & 5. Urdy's own statements makes clear that she was never asked or required to work unpaid overtime at the Vegas Diner.

The Vincente Declaration does not cure this fatal flaw to conditional certification of a class of current or former non-management employees of the Vegas Diner who purportedly worked unpaid overtime. Vincente alleges only that he worked at the Vegas Diner for a mere two months in or around July 2016 to September 2016. Vincente Decl. ¶ 2. Based on these two months, Vincente purports to have knowledge of "Defendants' practice of failing to pay minimum wage for all hours worked and overtime for all hours worked over forty (40) each week, were corporate policies that applied to all of the employees at both diners." Vincente Decl. ¶ 12. He does not explain, of course, how he could know what happened at the Vegas Diner for the years before and after he was employed there, nor can he do more than speculate about how employees in different job titles working different hours were paid. He does not claim, nor could he, that he compared the compensation of other Vegas employees to the hours that they worked, nor does he purport to have reviewed their schedules and compared them to their pay records.

As such, the sum total of the "evidence" Plaintiffs rely upon with respect to the Vegas Diner consists of the conclusory, "cookie cutter," declarations of two employees - Udy and

3

Vincente - one of whom was never asked or required to work overtime, let alone unpaid overtime.  *See* Udy Decl. ¶¶ 2 & 5 and Vincente Decl. ¶ 2.  As in *Guillen I*, these two self-serving declarations with respect to two individuals' brief experience at the Vegas Diner is too thin to meet Plaintiffs' burden of demonstrating that the employees of the Vegas Diner are in any way similarly situated to each other, let alone to the employees of the Del Rio Diner.  750 F. Supp. 2d at 477.  As such, like the declarations submitted in *Augustyniak v. Lowe's Home Ctr., LLC*, the declarations here "do not come close to satisfying th[e similarly situated] requirement."  No. 14-CV-00488, 2016 WL 462346, at *4 (W.D.N.Y. Feb. 8, 2016).  "While the mere fact that the declarations submitted by Plaintiff are virtually identical does not ipso facto render them incompetent, it severely undercuts their persuasive value."  *Id.* (internal quotation marks and citation omitted).  At a minimum, therefore, there should be no conditional certification of a class of employees of the Vegas Diner.

**II.     If This Court Were To Certify An FLSA Collective, It Should Not Approve The Class Notice And Consent Form**

For the reasons stated above, and set forth in Defendants' opposition papers, certification of an FLSA collective is not appropriate in this case.  If this Court disagrees, however, Plaintiffs' proposed notice and consent form should not be approved for the following reasons:

- Plaintiffs ask this Court to order Defendants to produce the names, addresses and phone numbers for all putative class members.  If a collective is certified, only names and last known mailing addresses should be ordered produced as privacy interests outweigh Plaintiffs' unsubstantiated request for the production of other contact information. *Fengler v. Crouse Health Found., Inc.*, 595 F. Supp. 2d 189, 198 (N.D.N.Y. 2009) (finding that in the interest of privacy, telephone numbers, email addresses, Social Security numbers, and dates of birth should not be produced for notification purposes); *Mohamed v. Sophie's Cuban Cuisine Inc.*, No. 14-

4

CV-3099, 2015 WL 5563206, at *6 (S.D.N.Y. Sept. 21, 2015) (same regarding telephones and Social Security numbers).

- Plaintiffs propose language requiring Defendants to post a class notice and consent form "at the Vegas Diner in a location visible to all of Defendants' employees." Putting aside whether such a request is warranted, this relief is simply not possible as the Vegas Diner will be closed by the time any notice issues.

- Plaintiffs' proposed form of notice fails to expressly inform the employees of the potential consequences of joining the lawsuit, including being asked to partake in discovery including depositions and produce records regarding their hours worked and pay received. The form should describe the discovery obligations that opt-ins may have, as well as the fact that they may be required to answer discovery and travel to the Eastern District of New York to be deposed and/or participate in a trial. *See e.g. Whitehorn v. Wolfgang's Steakhouse, Inc.*, 767 F. Supp. 2d 445, 450 (S.D.N.Y. 2011) ("As to Defendants' request that prospective members be notified of the possibility that they will be required to participate in discovery and testify at trial, such text is routinely accepted, and Plaintiff is ordered to make this amendment.").

- Plaintiffs' request for a schedule of follow-up notices should also be denied, as this practice "could potentially be interpreted as encouragement by the court to join the lawsuit." *Guzelgurgenli v. Prime Time Specials Inc.*, 883 F. Supp. 2d 340, 357 (E.D.N.Y. 2012) (citation omitted). Many of the putative class members are immigrants to this country who may lack a fulsome understanding of the legal system, and who could easily be intimidated into joining a lawsuit if Plaintiffs have provided no reason why these reminders should be issued.

Accordingly, if the Court grants conditional certification, Defendants respectfully request that the parties be given a period of two weeks from the date of the order to meet and confer

5

regarding the terms of the notice and the notice process.  *See, e.g., Mark v. Gawker Media LLC*, No. 13 Civ. 4347, 2014 U.S. Dist. LEXIS 114011, at *23 (S.D.N.Y. Aug. 15, 2014) (granting defendant's request to meet and confer with plaintiffs regarding the proposed notice).

## **CONCLUSION**

For the foregoing reasons, Defendants respectfully request that this Court deny with prejudice Plaintiff's Motion for Conditional Collective Action Certification and for Court-Authorized Notice Pursuant to 216(b) of the Fair Labor Standards Act.  Should the Court elect to grant the motion, in whole or in part, Defendants respectfully request that the conditionally certified group be limited to the Del Rio Diner employees holding the same titles as the opt-in Plaintiffs who purportedly worked in excess of forty hours per week and were not paid premium pay for that time, and that the parties be directed to submit a jointly proposed notice to the Court within two weeks of the Court's order on the motion.

Dated: New York, New York
       June 26, 2017

SEYFARTH SHAW LLP

By: */s/ Lorie Almon*
    Lorie Almon
    Howard M. Wexler
    620 Eighth Avenue
    New York, New York 10018
    (212) 218-5500

*Attorneys for Defendants*

## **CERTIFICATE OF SERVICE**

      I hereby certify that on June 26, 2017, I electronically filed the foregoing SUPPLEMENTAL MEMORANDUM OF LAW IN OPPOSITION TO PLAINTIFFS' MOTION TO CONDITIONALLY CERTIFY A FAIR LABOR STANDARDS ACT COLLECTIVE ACTION AND AUTHORIZE NOTICE TO BE ISSUED TO ALL PERSONS SIMILARLY SITUATED, via the Court's CM/ECF system, which sent notification of such filing to all counsel of record.

                                                */s/ Lorie Almon*
                                                Lorie Almon