UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------------x
PORFIRIO LOPEZ, PEDRO CANDELARIO :
TORRES, MARINO CUANUTENCOS, MIRYM :
UDY, RUPERTO EMIGDIO, JOSE ANGEL : **MEMORANDUM & ORDER**
LOPEZ, ESTEBAN TOSHUA, FELIPE CRUZ, :
on behalf of themselves and all others similarly : 16-CV-6973 (SLT)(PK)
situated, :
 :
 Plaintiffs, :
 :
 -against- :
 :
PARALIA CORP. d/b/a DEL RIO DINER, :
BENSOHURST REST. CORP. d/b/a VEGAS :
DINER, THEODOROS VLAMIS, LARRY :
GEORGETON, DEMETRIOS "JAMES" :
VLAMIS, FRANK MAVROMICHALIS, jointly and :
severally, :
 :
 Defendants. :
-------------------------------------------------------------------x

**Peggy Kuo, United States Magistrate Judge:**

Named Plaintiffs Porfirio Lopez, Pedro Candelario Torres, Mario Cuanutencos, Mirym Udy, Ruperto Emigdio, Jose Angel Lopez, Esteban Toshua, and Felipe Cruz (collectively, "Plaintiffs") were employed variously as dishwashers, line cooks, bussers, food preparers, servers, and/or hostess. (*See* Plaintiffs' Memorandum of Law ("Pls.' Mem.") at 1, Dkt. 25; Suppl. Pelton Decl., Ex. A ¶ 1, Dkt. 35-1.) All Plaintiffs worked for Defendants Paralia Corp. (dba Del Rio Diner), and Plaintiff Udy also worked for Bensonhurst Rest. Corp. (dba Vegas Diner) (together, "Diners" or "Corporate Defendants"). The four individual defendants (collectively with the Corporate Defendants, "Defendants") are alleged to have owned, operated, or managed the Diners as a single, unified enterprise with common payroll practices, ownership, and staff. (*See* Comp. ¶ 1, Dkt. 1; *id.* ¶¶ 25-29; Pls.' Mem. at 1-2.)

On December 16, 2016, Plaintiffs brought this action against Defendants under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201 *et seq.*, and the New York Labor Law ("NYLL"), N.Y. Lab.

1

Law §§ 650 *et seq.* On May 1, 2017, Plaintiffs moved to conditionally certify a collective action pursuant to 29 U.S.C. § 216(b) ("Section 216(b)"). (*See* Dkt. 24.) Plaintiffs seek an order (1) conditionally certifying Plaintiffs' FLSA minimum and overtime wage claims as an FLSA collective action on behalf of all non-management employees who worked at the Diners from December 16, 2013 to the present; (2) approving the Notice of Lawsuit with Opportunity to Join ("Notice") and Consent to Become a Party Plaintiff ("Consent") forms; (3) directing Defendants to furnish Plaintiffs the names, last known addresses and telephone numbers of all potential opt-in plaintiffs; and (4) approving the deadline reminder notice ("Deadline Reminder") for mailing potential opt-in plaintiffs. (Pls.' Mem. at 1, 7.) Defendants oppose conditional certification and object to the content of the proposed Notice and Consent forms. (*See* Defendants' Memorandum of Law ("Defs.' Mem."), Dkt. 27.) The Court granted the parties leave to file supplemental memoranda of law. (*See* Plaintiffs' Supplemental Memorandum of Law ("Pls.' Suppl. Mem.") and Affidavit, Dkts. 34-35; Defendants' supplemental Memorandum of Law ("Defs.' Suppl. Mem."), Dkt. 40.)

For the reasons stated herein Plaintiffs' Motion to Certify a Collective Action ("Motion") is granted.

## DISCUSSION

1. **Scope of the Proposed Class**

    a. <u>Legal Standard</u>

The FLSA permits employees to assert claims on behalf of themselves and "other employees similarly situated." 29 U.S.C. § 216(b). At the conditional certification stage, the court makes "an initial determination to send notice to potential opt-in plaintiffs who *may* be 'similarly situated' to the named plaintiffs with respect to whether a FLSA violation has occurred." *Myers v. Hertz Corp.*, 624 F.3d 537, 555 (2d Cir. 2010) (emphasis added). Plaintiff has a low burden to "make a modest factual showing that they and potential opt-in plaintiffs together were victims of a common policy or plan that

2

violated law." *Id.* (internal quotation marks and citations omitted). While this modest factual showing must be "based on some substance," it still remains "a low standard of proof." *McGlone v. Contract Callers, Inc.,* 867 F. Supp. 2d 438, 443 (S.D.N.Y. 2012) (citations omitted); *see also Myers,* 624 F.3d at 555. Plaintiffs' burden can be met "by relying on [Plaintiffs'] own pleadings and affidavits, or affidavits of potential members of the collective action." *Anjum v. J.C. Penney Co.*, No. 13-CV-460 (RJD)(RER), 2015 WL 3603973, at *5 (E.D.N.Y. June 5, 2015) (internal quotation marks and citations omitted). At this stage, "the court does not resolve factual disputes, decide substantive issues going to the ultimate merits, or make credibility determinations." *Id.* (internal quotation marks and citations omitted).

b. <u>Analysis</u>

Defendants challenge the scope of the proposed class in two ways. First, Defendants contend that the class definition of "all non-management employees" is overly broad, because tipped and non-tipped employees are, by definition, subjected to different pay policies. (*Id.* at *7-9.) Second, Defendants argue that Plaintiffs have not alleged sufficient facts to subject the Vegas Diner to a collective action. Although all eight named Plaintiffs worked at the Del Rio Diner, only Plaintiff Udy ever worked at the Vegas Diner. (*See* Defs.' Mem. at 3, 5; Pelton Decl. Exs. B-I, Dkt. 26-13.) Defendants argue that, because declarations except that of Plaintiff Udy are silent as to the Vegas Diner, Plaintiffs have failed to established that employees of the Vegas Diner other than Plaintiff Udy are similarly situated to the named Plaintiffs. (*See* Defs.' Mem. at 4-6.) For the same reason, Defendants claim that Plaintiffs have failed to show that the Vegas Diner operated under the same corporate policies as those of the Del Rio Diner. (*See id.*) Even after Plaintiffs submitted the declaration of Opt-in Plaintiff Diego Leon Vincente, who affirms that he worked at both diners and that "all of the employees at both diners" were subjected to the same payroll practices, Defendants maintain that Plaintiffs have not met their burden of proof. (*See* Suppl. Pelton Decl. Ex. A; Defs.' Suppl. Mem. at 1-4.)

Under the lenient standard of the conditional certification inquiry, Plaintiffs have carried their burden of proving that all non-management employees who worked at the Diners may be "'similarly situated' to the named plaintiffs with respect to whether a FLSA violation has occurred." *Myers,* 624 F.3d at 555. Plaintiffs' first eight declarations specifically show that all non-management employees at the Del Rio Diner experienced a common unlawful policy—i.e., the payment of fixed weekly rates or low hourly rates that resulted in *both tipped or non-tipped employees* receiving less than minimum wage and no overtime compensation. (*See* Pelton Decl. Exs. B-D, F-I, Dkt. 26.) Plaintiff Udy's declaration supports the allegations that the employees at the Vegas Diner also experienced the same unlawful policy and that both diners were operated and managed by common owners and managers. (*See* Pelton Decl. Ex. E.) Opt-in Plaintiff Vincent's declaration provides further support for these allegations. (*See* Suppl. Pelton Decl. Ex. A.)

Defendants suggest that, because Plaintiffs Udy and Opt-in Plaintiff Vincente worked in the Vegas Diner only for four months and two months, respectively, they cannot claim to have knowledge of Defendants' corporate practices that violate the rights of employees in the Vegas Diners. (*See* Defs.' Supp. Mem. at 1-4.) However, the length of time that Plaintiff Udy and Opt-in Plaintiff Vincente worked at the Vegas Diner is not dispositive in establishing common ownership or policy. Courts have granted certifications in cases even where no specific affidavit had been provided but "the Complaint specifically allege[d] that all of the[ ] entities [were] commonly owned and operated by the same individuals who set a common policy for each of the entities." *Karic v. Major Auto. Companies, Inc.,* 799 F. Supp. 2d 219, 226-27 (E.D.N.Y. 2011) (discussing other similar cases).

Accordingly, the Court approves conditional certification of Plaintiffs' FLSA claims as a collective action on behalf of all non-management employees who worked at the Diners from December 16, 2013 to the date of this Order.

4

## 2. Posting of the Notice and Consent Forms

Defendants object to Plaintiffs' request to require Defendants to post the Notice and Consent forms in a common area at the Vegas Diner where it could be visible to employees who are not included in the conditional class, as this could cause confusion. (*See* Defs.' Mem. at 9-10.) In addition, Defendants note that it would be impossible to post the forms at the Vegas Diner because it would be "closed by the time any notice issues." (Defs.' Suppl. Mem. at 5.)

Courts routinely approve the posting of the Notice and Consent forms in work sites and "common employee spaces" where the forms "will be easily visible to employees." *Sharma v. Burberry Ltd.*, 52 F. Supp. 3d 443, 464 (E.D.N.Y. 2014); *see also Flood v. Just Energy Mktg. Corp.*, 15-CV-2012 (AT), 2016 WL 354078, at *4 (S.D.N.Y. Jan. 26, 2016) (ordering defendants to "conspicuously post notice in a common area at each of their New York offices"); *Garcia v. Pancho Villa's of Huntington Vill., Inc.*, 678 F. Supp. 2d 89, 96 (E.D.N.Y. 2010) (holding that posting of notice at business locations been routinely approved in other cases). Of course, if the Vegas Diner is no longer in business, no notice can be posted there.

## 3. Production of Names and Personal Information of Potential Opt-in Plaintiffs

In addition to the posting of the Notice and Consent forms, Plaintiffs propose mailing the forms by first class mail to potential opt-in plaintiffs' last known addresses. (*See* Pls.' Mem. at 10.) In order to achieve this, Plaintiffs request an order compelling Defendants to produce the names, last known addresses, and phone numbers (including cell phone numbers) of all potential opt-in plaintiffs. (*See id.* at 11-12.) While Defendants cite one case each from the Northern and Southern Districts of New York in support of their proposition that, in the interest of privacy, potential class members' telephone numbers should not be produced, case law in the Second Circuit is replete with opposite examples. *See e.g., Zaldivar v. JMJ Caterers, Inc.*, 166 F. Supp. 3d 310, 326 (E.D.N.Y. 2016) (collecting cases granting requests for information, including both home and mobile phone numbers). As a

practical matter, cellphones are often the most consistent way to reach individuals who may have changed jobs or residences. Accordingly, Defendants are directed to produce the names, last known addresses, and telephone numbers of all potential opt-in plaintiffs.

**4. Deadline Reminder Notice**

Plaintiffs also request that they be authorized to send a Deadline Reminder to potential opt-in plaintiffs prior to the termination of the opt-in period. (*See* Pls.' Mem. at 11.) Defendants argue that many of the putative class members are immigrants who may be unfamiliar with the U.S. legal system, and that a Deadline Reminder could encourage them to join the lawsuit. (*See* Defs.' Suppl. Mem. at 5.) Nothing in the proposed Deadline Reminder—written both in English and Spanish—suggests that this letter is sent by the Court or that the Court takes any position as to the merits of the case. The letter explicitly states:

> "THE COURT HAS TAKEN NO POSITION IN THIS CASE REGARDING THE MERITS OF THE PLAINTIFF'S CLAIMS OR OF THE DEFENDANTS' DEFENSES. DO NOT TELEPHONE THE COURT REGARDING THIS NOTICE."

(Pelton Decl. Ex. M.) The proposed Deadline Reminder is short and clearly indicates that the potential opt-in plaintiffs should be contacting Plaintiffs' counsel, not the Court, for more information or questions. The Court does not share Defendants' concerns about potential confusion. Accordingly, Plaintiffs' proposed Deadline Reminder is approved.

**5. Notice's Reference to NYLL Claims**

Defendants object to the reference to claims under the NYLL in the proposed Notice form because, at this time, Plaintiffs move only for conditional certification under the FLSA and do not move for class action on their NYLL claims. (*See* Defs.' Mem. at 10.) However, courts in this district have typically allowed such language in collective action notices because "information regarding potential state law claims may be relevant to potential plaintiffs with timely federal claims in deciding whether or not to opt in to the collective action." *Dilonez v. Fox Linen Serv. Inc.*, 35 F. Supp. 3d 247,

6

255 (E.D.N.Y. 2014) (internal quotation marks and citations omitted). Accordingly, Defendants' request to remove the Notice's reference to the state law claims is denied.

### 6. Rights and Obligations of Opt-in Plaintiffs

Defendants contended, without proposing specific modification, that the Notice and Consent forms "fail to expressly inform the employees of the potential consequences of joining the lawsuit." (Defs.' Suppl. Mem. at 5.) The Court ordered Defendants to propose specific language to be included in the forms and Plaintiffs to respond. (*See* January 2, 2018 Order.) Defendants propose the following paragraph to be added to Section IV of the Notice form, immediately after the first sentence:

> You may be required to give testimony and information about your work at Del Rio Diner and/or Vegas Diner to help the Court decide whether you are owed any money. This testimony and information may include providing copies of documents, responding to written questions in writing under oath, testifying at a deposition in Manhattan and/or Brooklyn at which you will be required to verbally answer questions under oath, and/or testifying at any trial of this matter in Brooklyn, at which you will be required to verbally answer questions under oath before a judge, jury, Defendants, and attorneys. You may also be liable for payment of costs if Defendants prevail in this suit.

(Dkt. 58 at 1-2.) Defendants propose similar language to be added in the Consent form. (*Id.* at 2.) Plaintiffs oppose the inclusion of such lengthy paragraphs to either form. (*See* Dkt. 59 at 1-2.) Instead, Plaintiffs request that only first sentence of the proposed paragraph to be added to each form, if they should be modified at all. (*See id.*)

"Courts in the Second Circuit 'routinely approve' the inclusion of 'a neutral and nontechnical reference to discovery obligations' to be included in the Notice." *Dilonez*, 35 F. Supp. 3d at 255 (quoting *Velasquez v. Digital Page, Inc.,* 11-CV-3892, 2014 WL 2048425, at *12 (E.D.N.Y. May 19, 2014) (collecting cases)). The following sentence has been widely accepted by courts in this Circuit: "If you join this lawsuit, you may be asked to give testimony and information about your work for [defendants], to help the Court decide whether you are owed any money." *Id.* (alteration in original) (citation omitted). `Moreover, decisions in this district have often disapproved information about

7

potential costs because it imposes "an *in terrorem* effect that is disproportionate to the actual likelihood the costs. . . will occur." *Id.* (emphasis in original) (internal quotations and citations omitted).

Accordingly, the Court approves the inclusion of only the first sentence of Defendants' proposed paragraphs to the Notice and Consent forms.

## **CONCLUSION**

Accordingly, Plaintiffs' Motion, pursuant to Section 216(b), to conditionally certify this action as a collective action is granted. Specifically, the Court:

- a) Approves conditional certification of Plaintiffs' FLSA minimum and overtime wage claims as an FLSA collective action on behalf of all non-management employees who worked at the Del Rio Diner and the Vegas Diner from December 16, 2013 to the date of this Order;

- b) Requires Defendants to provide Plaintiffs' counsel, within ten (10) days of this Order, with a complete list in electronic form of names, mail addresses, and telephone numbers including cell phone numbers of their current and former employees from December 16, 2013—three (3) years before the filing of this action—until the date of this Order;

- c) Approves the text of Plaintiffs' Notice and Consent forms (appended as Exhibits K and L to the Pelton Declaration, Dkt. 26) as modified in accordance with Section 6 of this Order;

- d) Permits Plaintiffs to circulate the Notice and Consent forms by certified mail to all non-managerial workers who were employed by Defendants and who were denied minimum and overtime wages;

- e) Requires Defendants to post a copy of the Notice and Consent forms at the Vegas Diner, provided that it is still in business;

- f) Permits all individuals similarly situated to the named plaintiffs sixty (60) days to opt into this action; and

- g) Permits Plaintiffs to send a deadline reminder notice to all potential opt-in plaintiffs prior to the termination of the opt-in period.

**SO ORDERED:**

*Peggy Kuo*
_____

PEGGY KUO
United States Magistrate Judge

Dated:   Brooklyn, New York
             January 26, 2018